NUMBER 13-03-764-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

IN THE INTEREST OF D.A.M. AND B.A.M.
                                                                                                                                      

On appeal from the 24th District Court of Calhoun County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo and Garza
Memorandum Opinion by Justice Garza
 
          This appeal arises from an action to determine custody of and access to two
children, D.A.M. and B.A.M.


 Appellants, Rhonda and Robert


, challenge the trial court’s
dismissal of Robert’s Petition in Intervention of Father in a Suit Affecting the Parent-Child
Relationship (“SAPCR”) and Petition to Adjudicate Parentage in a SAPCR. Appellants
argue that, in dismissing the petitions, the trial court erroneously applied the law of
presumed parentage that was in effect at the time of B.A.M.’s birth instead of applying the
law in effect at the time the suit was filed.


 Appellants further argue that as a result of the
error in applying the former law, the trial court also erred in determining the limitations
period. We agree with appellants and reverse and remand the portion of the trial court’s
decision pertaining to B.A.M. for further proceedings consistent with this opinion.
           D.A.M. was born on November 25, 1994, and B.A.M. was born on October 11,
1996. Rhonda is their mother. The children’s alleged father is Gary. Gary and Rhonda
were never married, but they lived together on-and-off until 1997. Believing he was the
father of both children, Gary attended their births and signed his name on their birth
certificates. After the relationship between Gary and Rhonda ended, Gary and the two
children moved to Port Lavaca, Texas, to live with appellee, Virginia.


 Gary died on April
21, 2001, and Rhonda took possession of the children. In March 2002, Rhonda left the
children with their maternal grandmother, Pauline, while she traveled. While the children
were in Pauline’s care, the Texas Department of Protective and Regulatory Services
received a report from the children’s school stating that the children appeared to be ill-fed
and poorly clothed. A CPS caseworker investigated the report and determined that there
was little food in Pauline’s house and that the children’s hygiene was not being properly
maintained. As a result of this investigation, a voluntary placement plan was entered into
between the Department and Pauline, placing the two children with Virginia.


 
          On November 26, 2002, Virginia filed a SAPCR, and a temporary restraining order
was signed. On July 11, 2003, Robert, filed a Petition in Intervention of Father in a SAPCR
and a Petition to Adjudicate Parentage in a SAPCR. Virginia filed motions to dismiss on
July 24, 2003, and amended motions to dismiss on August 19, 2003. A final hearing was
held on August 19, 2003. Robert’s petitions were struck by the court and Virginia was
awarded sole managing conservatorship of both children, Rhonda was awarded
possessory conservatorship with supervised visitation, and the trial court entered a finding
that Gary was the presumed father of the children. This appeal ensued.
I.        Applicable Law
          The trial court applied former section 151.002 and found Gary to be the presumed
father of B.A.M. See Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, amended by Act
of September 1, 1995, 74th Leg., R.S., ch. 751, § 22, amended by Act of September 1,
1999, 76th Leg., R.S., ch. 556, § 7, deleted by Act of June 14, 2001, 77th Leg., R.S., ch.
821, § 2.13. Section 151.002(a)(5) of the 1996 version of the Family Code provided, “A
man is presumed to be the biological father of a child if before the child reaches the age
of majority, he receives the child into his home and openly holds out the child as his
biological child.” Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1 (deleted 2001). Section
151.002(b) also provided that a presumption under this section may be rebutted under
section 160.110 of the Texas Family Code.


 The trial court also applied the 1996 Family
Code version of section 160.110 and dismissed Robert’s intervention and parentage suit
under section 160.110(f) because the two year statute of limitations set out in this section
barred him from intervening. Appellants assert that in ruling against Robert’s right to
intervene in the suit and to have his parentage established as to B.A.M., the trial court
erred in applying the 1996 version of sections 151.002 and 160.110 of the Texas Family
Code. Appellants argue that the trial court should have instead relied on section 160.204
and the corresponding limitations period that was in effect in 2002 at the time of the filing
of the SAPCR.


 Appellee on the other hand, argues that section 151.002(a)(5) of the 1996
version of the Texas Family Code should remain the applicable law in this case because
it was the law in effect at the time of B.A.M.’s birth. 
          Appellants submit that the family code version of section 160.204 that was in effect
in 2002 is the law that should have been applied in this case because it replaced section
160.110 insofar as presumptions of paternity are concerned. See Act of June 14, 2001,
77th Leg., R.S., ch. 821 (amended 2003) (current version at Tex. Fam. Code Ann. §
160.204 (Vernon Supp. 2004-05)). We agree. The Historical and Statutory Notes
accompanying the 2003 adoption of section 160.204 explain that:
The change in law made by this Act relating to a court order
establishing paternity or the obligation to pay child support
applies only to a suit affecting the parent-child relationship filed
on or after the effective date of this Act. A suit affecting the
parent-child relationship filed before the effective date of this
Act is governed by the law in effect on the date the suit was
filed and the former law is continued in effect for that purpose.
 
Tex. Fam. Code Ann. § 160.204. Appellee filed the SAPCR on November 26, 2002. The
law in effect at that time was the version of section 160.204 that became effective on June
14, 2001. Accordingly, we conclude that the trial court erred in applying former sections
151.002 and 160.110 of the Family Code and sustain appellants’ first issue. 
II.       Limitations Period
          Appellants further contend that as a result of the error in applying the former law,
the trial court also erred in applying the limitations period. The trial court applied the
limitations period found in former section 160.110 and dismissed Robert’s petitions
because the two year statute of limitations barred him from intervening. We have already
held that the trial court erred in applying the former law, including the limitations period. 
We conclude that the appropriate limitations period is set out in Family Code sections
160.606 and 160.607 which became effective on June 14, 2001. See Tex. Fam. Code Ann.
§ 160.606 (Vernon 2002); Act of June 14, 2001, 77th Leg.,R.S. Ch. 821 (amended 2003)
(current version at Tex. Fam. Code. Ann. § 160.607 (Vernon Supp. 2004-05)). 
          For the above stated reasons, we reverse and remand the trial court’s finding as it
relates to the paternity of B.A.M. to be tried in accordance with the law in effect on
November 26, 2002. 
 
                                                                               _______________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
Memorandum Opinion delivered and filed 
this the 12th day of May, 2005.